CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

AUG 18 2014

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFREY T. LAWSON,** | ) | **Civil Action No. 7:14-cv-00358** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **NURSE JOANNA OWENS, et al.,** | ) | By:  **Hon. Jackson L. Kiser** |
| **Defendants.** | ) | **Senior United States District Judge** |

Jeffrey T. Lawson, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names various staff at the Southwest Virginia Regional Jail ("Jail"), including Head Nurse Joanna Owens, as defendants. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

Plaintiff alleges the following information in the Complaint:

> Negligent of being charged for medication that I'm not getting half the time[,] Medication that I take da[i]ly that can't be stop[p]ed for days which is se[izure] medication. Putting in medical request about the complaint and not getting it resolved[,] making good attempts to keep from this happening again. I pay for 3 months of meds [but] running out every other week of medication. I need every day. Not being seen for sickcall in time. . . . I have never had this much problem in here until Head Nurse Owens came here.

Plaintiff is also dissatisfied with staff responses to his grievances.

Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Fisher v. Washington Metro. Area Transit Author., 690 F.2d 1133, 1142-43 (4th Cir. 1982), abrogated on other grounds by Cnty. of Riverside v. McLaughlin, 500 U.S. 44 (1991). However, Plaintiff does not describe any personal act or omission by any defendant. Consequently, Plaintiff fails to describe any defendant's deliberate indifference to a serious

medical need.  See, e.g., Farmer v. Brennan, 511 U.S. 825, 838 (1994); Estelle v. Gamble, 429 U.S. 97, 104 (1976).  Furthermore, liability under § 1983 may not be predicated on the theory of respondeat superior.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663 n.7 (1978).  Moreover, Plaintiff's dissatisfaction with the grievance system or responses does not state an actionable claim.  See, e.g., Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994).  Accordingly, I dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted.[1]

**ENTER**: This 18th day of August, 2014.

Senior United States District Judge

---

[1] I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c).  The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true.  A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level. . . ."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).  A plaintiff's basis for relief "requires more than labels and conclusions . . . ."  Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

2